**GORLICK, KRAVITZ & LISTHAUS, P.C.**
Joy K. Mele (JM0207)
Jonathan Sobel (JS4815)
17 State Street, 4th Floor
New York, New York 10004
jmele@gkllaw.com
jsobel@gkllaw.com
Tel. (212) 269-2500
Fax (212) 269-2540
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL WELFARE FUND;
CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL PENSION FUND;
CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL ANNUITY FUND; CEMENT
AND CONCRETE WORKERS TRAINING AND
APPRENTICESHIP FUND; CEMENT AND
CONCRETE WORKERS DISTRICT COUNCIL
SCHOLARSHIP FUND; MARGARET BOWEN, in
her fiduciary capacity as FUND ADMINISTRATOR;
and CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL,

                        **Plaintiffs,**

   - against -

EIC ASSOCIATES, INC.

                        **Defendant.**

**COMPLAINT**

------------------------------------------------------------------X

    Plaintiffs Cement and Concrete Workers District Council Welfare Fund, Cement and Concrete Workers District Council Pension Fund, Cement and Concrete Workers District Council Annuity Fund, Cement and Concrete Workers Training and Apprenticeship Fund, Cement and Concrete Workers District Council Scholarship Fund (the "Funds"), Margaret Bowen, in her fiduciary capacity as Fund Administrator ("Bowen"), and Cement and Concrete Workers District

1

Council (the "Union") (collectively "Plaintiffs"), by and through their attorneys, Gorlick, Kravitz & Listhaus, P.C., as and for their Complaint against Defendant EIC Associates, Inc. ("EIC"), respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought pursuant to, *inter alia*, §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended (29 U.S.C. §§ 1132(a)(3) and 1145), and § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185) (the "Taft-Hartley Act"), by Plaintiffs for breach of contract, injunctive relief, and other legal and equitable relief under ERISA.

2. This Complaint alleges, *inter alia*, that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, EIC violated one or more contracts between an employer and a labor organization, as defined under the Taft-Hartley Act, the Funds' respective trust agreements, and ERISA.

3. Jurisdiction of this Court is invoked under the following statutes:

    a. ERISA § 502(e)(1) and (f) (29 U.S.C. § 1132(e)(1) and (f));

    b. Taft-Hartley Act § 301 (29 U.S.C. § 185(c));

    c. 28 U.S.C. § 1331 (federal question);

    d. 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

    e. 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue properly lies in this district under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and the Taft-Hartley Act § 301 (29 U.S.C. § 185(c)) because the Funds and the Union are administered and maintain their principal offices in this district, the contractual breaches took

place in this district, and EIC may be found in this district. Service of process may be made on EIC in any other district in which it may be found pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)).

**PARTIES**

5. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with the Taft-Hartley Act §§ 302(c)(5) and (c)(6) (29 U.S.C. § 186(c)(5) and (c)(6)). The Funds also are employee benefit plans within the meaning of ERISA §§ 3(1), 3(2), 3(3) and 502(d)(1) (29 U.S.C. §§ 1002(1)-(3), and 1132(d)(1)), and multi-employer plans within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suits as independent legal entities under ERISA § 502(d)(1) (29 U.S.C. § 1132(d)(1)).

6. The Funds provide fringe benefits to eligible employees on whose behalf employers in the construction industry contribute to the Funds pursuant to collective bargaining agreements between such employers and the Union. The Funds are third-party beneficiaries to such collective bargaining agreements as collectors and trustees of employer contributions made pursuant to these collective bargaining agreements. The Funds maintain their offices and are administered at 35-30 Francis Lewis Blvd., Suite 201, Flushing, New York 11358.

7. The Funds also collect, in accordance with the collective bargaining agreements, contributions due to the New York State Laborers-Employers Cooperation and Education Trust ("NYSLECET"), the Laborers National Health and Safety Fund ("LNHSF"), and the Building Contractors Association Industry Advancement Program ("BCAIAP") (contributions due to the Funds, the NYSLECET, the LNHSF, and the BCAIAP are collectively referred to hereinafter as "fringe benefit contributions").

8. Plaintiff Bowen is the Funds' Administrator and brings this suit in her capacity as a fiduciary of the Funds within the meaning of ERISA § 3(21) (29 U.S.C. § 1002(21)).

9. The Union is a labor organization within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185) and represents employees in an industry affecting commerce as defined by the Taft-Hartley Act § 501 (29 U.S.C. § 142) and ERISA § 3(4) (29 U.S.C. § 1002(4)). The Union is administered at its principal office located at 29-18 35th Avenue, Astoria, New York 11106.

10. The Union collects, in accordance with the collective bargaining agreements, checkoffs from employees who authorize their employers to deduct from their wages dues and contributions to the Organizer Fund and the New York State Laborers' Political Action Committee ("NYSLPAC") and remit the checkoffs to the Union.

11. Defendant EIC was, at all times relevant to this action, a for-profit foreign business corporation doing business in the State of New York as an employer within the meaning of ERISA §§ 3(5) and 515 (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185). Upon information and belief, EIC's principal office is located at 140 Mountain Avenue, Suite 303, Springfield, New Jersey 07081-1725.

## BACKGROUND FACTS

12. Upon information and belief, at all times relevant to this action, EIC was and remains a member of the Building Contractors Association (the "BCA").

13. The BCA was and is the exclusive bargaining agent for all its members for the purposes of collective bargaining with the Union.

14. Due to EIC's membership in the BCA, it consented to become bound to collective bargaining agreements the BCA entered into with the Union.

15. The BCA entered into a collective bargaining agreement with the Union for the period of July 1, 2017 through June 30, 2021 ("Agreement").

16. Among other things, the Agreement requires EIC to: (i) submit to the Funds reports detailing the number of hours that EIC employees performed work within the trade and geographic jurisdictions of the Union ("Covered Work"); (ii) make fringe benefit contributions to the Funds based on the number of hours of Covered Work its employees perform; (iii) deduct dues, Organizer Fund and NYSLPAC checkoffs from the wages of employees who perform Covered Work and authorize such deductions in writing; (iv) remit all deductions to the Union; (v) permit the Funds and/or their designated representatives to audit EIC's books and records; and (vi) apply interest and other fees and costs on delinquent fringe benefit contributions and deductions.

17. The Funds performed an audit of EIC's books and records (the "First Audit") for the period of May 1, 2018 through September 30, 2018 (the "First Audit Period"). The First Audit revealed there were 11,439 hours of Covered Work performed by EIC employees during the First Audit Period for which EIC failed to comply with its obligations under the Agreement to make fringe benefit contributions, and remit deducted dues, Organizer Fund, and NYSLPAC checkoffs totaling $356,184.71.

18. By correspondence, dated December 11, 2018, the Funds demanded full and immediate payment of all unpaid amounts revealed through the First Audit.

19. On or about December 15, 2018, the Funds received a check in the amount of $82,638.37 from EIC for contributions owed to the Funds for the First Audit Period.

20. On or about January 22, 2019, the Funds received a second check in the amount of $78,819.19 from EIC for contributions owed to the Funds for the First Audit Period.

21.     Upon information and belief, other than the payments received by the Funds on or about December 15, 2018 and on or about January 22, 2019, EIC has failed to comply with its obligations under the Agreement to make fringe benefit contributions, deduct and remit dues, Organizer Fund and NYSLPAC checkoffs, and submit to the Funds reports detailing the number of hours that EIC employees performed Covered Work since April, 2018.

22.     Shop steward reports (the "SSR") for the period of October 1, 2018 to December 9, 2018 (the "SSR Period") reveal 4,004 hours of Covered Work performed by EIC employees during the SSR Period for which EIC failed to comply with its obligations under the Agreement to make fringe benefit contributions totaling $104,700.54 and remit and deduct dues, Organizer Fund, and NYSLPAC checkoffs totaling $23,823.80.

23.     By correspondence, dated January 16, 2019, the Funds demanded full and immediate payment of all unpaid amounts revealed through the SSR.

24.     Upon information and belief, EIC continued to perform Covered Work after the First Audit Period and the SSR Period, and continues to perform Covered Work.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(CLAIM FOR BREACH OF CONTRACT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS DURING THE FIRST AUDIT PERIOD AND THE SSR PERIOD)**

25.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.     Pursuant to the Agreement, EIC must make fringe benefit contributions to the Funds for each hour of Covered Work performed by EIC employees as set forth in Article X and Article XI of the Agreement.

27.     EIC failed to make contractually mandated fringe benefit contributions for Covered Work performed by its individual employees during the First Audit Period, resulting in a

delinquency in the principal amount of $293,289.39, less the payments made in December 2018 and January 2019.

28. Based upon the SSR, EIC failed to make contractually mandated fringe benefit contributions for at least 4,004 hours of Covered Work performed by its individual employees during the SSR Period, resulting in a principal delinquency of at least $104,700.54.

29. EIC's failure to make required contributions to the Funds during the First Audit Period and the SSR Period is a breach of the Agreement.

30. Article X § 12 of the Agreement requires employers found delinquent in their payment of contributions to the Funds to pay interest on the unpaid amounts at the rate of eighteen percent (18%) per annum.

31. Article X § 12 requires employers found delinquent in their payment of contributions to the Funds to pay liquidated damages at the rate of twenty percent (20%) of the amount owing.

32. Article X § 12 requires employers delinquent in their payment of contributions to the Funds to pay all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

33. Article X § 12 of the Agreement provides that in the event where collection of payment is made pursuant to a judgment against the employer, the Funds are entitled to liquidated damages, interest, costs and attorneys' fees pursuant to ERISA.

34. Accordingly, EIC is liable to the Funds for failing to make required fringe benefit contributions for Covered Work performed by EIC employees during the First Audit Period and during the SSR Period in the principal amount of $397,989.93, less the payments made in December 2018 and January 2019, plus interest, liquidated damages, and all costs, including but

not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs, and all other contractual damages.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF ERISA OBLIGATIONS DURING THE FIRST AUDIT PERIOD AND SSR PERIOD)

35. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. ERISA § 515 (29 U.S.C. § 1145) requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements.

37. EIC is an employer under ERISA and is bound by the Agreement.

38. During the First Audit Period and the SSR Period, EIC failed to make ERISA fund contributions to the Funds required under the Agreement. Failure to make such payments violates ERISA § 515 (29 U.S.C. § 1145).

39. Once it is found that an employer has violated ERISA § 515 (29 U.S.C. § 1145), the Court is required by ERISA 502(g)(2) (29 U.S.C. § 1132(g)(2)) to award the Funds: (i) the unpaid ERISA fund contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the Funds' plan; (iv) reasonable attorneys' fees and costs of the action to be paid by the defendant; and (v) such other legal and equitable relief as the court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code.

40. Article X § 12 of the Agreement provides for interest on delinquent ERISA fund contributions at a rate of eighteen percent (18%) per annum.

41. Article X § 12 provides for liquidated damages at the rate of twenty percent (20%).

42. Accordingly, EIC is liable to the Funds for failing to make required ERISA fund contributions for Covered Work performed by EIC employees during the First Audit Period and during the SSR Period in the principal amount of $397,989.93, less the payments made in December 2018 and January 2019, plus statutory damages, including interest, liquidated damages, Plaintiffs' attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO REMIT AND DEDUCT DUES, ORGANIZER FUND AND NYSLPAC CHECKOFFS DURING THE FIRST AUDIT PERIOD AND SSR PERIOD)

43. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44. Article IX §§ 1 and 3 of the Agreement requires EIC to deduct and remit to the Union dues, Organizer Fund, and NYSLPAC checkoffs withheld from the wages of employees who perform Covered Work and who authorized such deductions.

45. EIC failed to make deductions from the wages of its employees who performed Covered Work and who authorized deductions of dues, Organizer Fund, and NYSLPAC checkoffs from their wages and/or failed to remit said checkoffs to the Union.

46. During the First Audit Period and the SSR Period, EIC failed to deduct and/or remit $86,719.12, less the payments made in December 2018 and January 2019, from the wages of its employees who performed Covered Work and who authorized deductions of dues, Organizer Fund and NYSLPAC checkoffs from their wages.

47. EIC's failure to deduct and/or remit the checkoffs is a breach of the Agreement.

48. Article X § 12 of the Agreement requires employers found delinquent in their payment of dues, Organizer Fund, and NYSLPAC checkoffs to the Funds to pay interest on the unpaid amounts at the rate of eighteen percent (18%) per annum.

49. Article X § 12 of the Agreement requires employers delinquent in their payment of dues, Organizer Fund, and NYSLPAC checkoffs to the Funds to pay all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

50. Article X § 12 of the Agreement requires employers delinquent in their payment of dues, Organizer Fund, and NYSLPAC checkoffs to the Funds to pay liquidated damages on the unpaid amounts at the rate of twenty percent (20%).

51. Accordingly, EIC is liable to the Union for undeducted and/or unremitted dues, Organizer Fund, and NYSLPAC checkoffs during the First Audit Period and the SSR Period in the principal amount of $86,719.12, less the payments made in December 2018 and January 2019, plus interest, liquidated damages, and all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs, and all other contractual damages.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## (BREACH OF CONTRACT CLAIM FOR AUDIT COSTS)

52. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53. Article X § 12 of the Agreement requires employers delinquent in their payment of contributions and checkoffs to the Funds to pay all costs, including but not limited to reasonable audit and accounting expenses.

54. Article X § 12 of the Agreement provides that any employer who is found upon an audit to be substantially delinquent may be charged the full cost of such audit.

55. During the First Audit Period and SSR Period, EIC failed to make contractually mandated fringe benefit contributions for Covered Work performed by its individual employees during the First Audit Period and SSR Period, resulting in a principal fringe benefit contributions delinquency of $397,989.93, less the payments made in December 2018 and January 2019.

56. During the First Audit Period and SSR Period, EIC failed to make deductions from the wages of its employees who performed Covered Work and who authorized deductions of dues, Organizer Fund, and NYSLPAC checkoffs and/or remit said checkoffs to the Union.

57. Accordingly, EIC is liable under the Agreement to pay to the Funds the audit costs.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT FOR FAILING TO POST A BOND)

58. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 57 of this Complaint, as if fully set forth herein.

59. Pursuant to Article X § 9(a) of the Agreement, EIC is required, *inter alia*, to post a surety bond to ensure payment of contributions that become due and owing to the Funds. Article X § 9(a) provides in relevant part:

> Each Employer shall post a surety bond to insure payment of contributions to the Welfare, Pension and Annuity Funds as follows: The posting of such bond, shall be within the discretion of the District Council. In lieu of a bond or as a supplement to a bond an Employer may furnish a cash alternative in the amount of the bond required.

| *Number of Members Of Bargaining Unit* | *Amount of Bond* |
|---|---|
| Employers employing up to and including fifteen (15) Employees | $50,000.00 |
| Employers employing over Fifteen (15) Employees | $75,000.00 |

60. Upon information and belief, EIC has not posted a bond or provided the Funds with a cash alternative.

61. Upon information and belief, EIC employs over fifteen (15) employees.

62. The failure, refusal or neglect of EIC to post the required bond or cash alternative is a breach of the Agreement.

63. Accordingly, pursuant to Article X § 9(a) of the Agreement, EIC is required to post a bond or furnish a cash alternative in the amount of the bond.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### (DEMAND FOR AN ORDER DIRECTING EIC TO PERMIT AN AUDIT OF EIC'S BOOKS AND RECORDS)

64. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

65. Pursuant to Article X § 12 of the Agreement, EIC is required, *inter alia*, to permit and cooperate with the Funds and/or their designated representative in the conduct of audits of EIC's books and records, which include, without limitation:

> [A]ll payrolls and payroll ledgers including office payrolls, yard payrolls, New York payrolls, New Jersey payrolls, computer payroll printouts, W-2 forms, quarterly payroll tax returns (Form 941), quarterly state payroll tax returns (Form NYS 45), annual federal and state tax returns, journals, purchase journals, New York State employment records, insurance company reports, employer remittance reports, payroll and supporting checks, ledgers, expense vouchers, 1099 forms, cash disbursements, check register, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, checks in support of any governmental filings or tax payments, remittance reports and checks in support thereof and any other documentation concerning payment of fringe benefit contributions for hours worked by Employees remitted to multi-employer fringe benefit funds other than the C&CWDC Fringe Benefit Funds described herein, and any other items concerning payroll.

66. EIC has failed to comply with its obligations under the Agreement to make fringe benefit contributions, and deduct and/or remit dues, Organizer Fund, and NYSLPAC checkoffs during the SSR Period.

67. An audit of EIC's books and records is necessary to determine the contributions and checkoffs due and owing to the Funds and/or the Union.

68. Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an Order directing EIC to permit and cooperate with the Funds and/or their designated representative in the conduct of an audit of EIC's books and records for the period of October 1, 2018 through the present (the "Second Audit").

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (CLAIM FOR FRINGE BENEFIT CONTRIBUTIONS, AND DUES, ORGANIZER FUND, AND NYSLPAC CHECKOFFS, AUDIT COSTS, AND OTHER STATUTORY AND CONTRACTUAL DAMAGES FOUND DUE AND OWING PURSUANT TO THE SECOND AUDIT)

69. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 68 of this Complaint, as if fully set forth herein.

70. The Agreement requires EIC to pay fringe benefit contributions, and dues, Organizer Fund, and NYSLPAC checkoffs found due and owing pursuant to the Second Audit.

71. Accordingly, EIC is liable to the Funds and the Union for all unpaid fringe benefit contributions, and dues, Organizer Fund, and NYSLPAC checkoffs found due and owing pursuant to the Second Audit, plus all statutory and contractual damages, including interest, liquidated damages, reasonable audit and accounting expenses, audit costs, witness costs, attorneys' fees and court costs, all other contractual damages, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF)

72. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 71 of this Complaint, as if fully set forth herein.

73. Pursuant to the Agreement, EIC is required to timely pay, deduct and remit fringe benefit contributions, and dues, Organizer Fund, and NYSLPAC checkoffs and reports to the Funds and the Union, and permit and cooperate in the conduct of audits of EIC's books and records for so long as it remains obligated to do so pursuant to the Agreement.

74. Article X § 15 of the Agreement provides that "[w]here payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the . . . Funds to have the court enter an order permanently enjoining the employer . . . for the remaining term of the Agreement from failing, refusing or neglecting to submit the required Employer remittance reports and/or to pay the required contributions to [the] . . . Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of this Agreement."

75. EIC has failed to timely pay, submit, and/or remit fringe benefit contributions, and dues, Organizer Fund, and NYSLPAC checkoffs to the Funds and the Union, and is currently in breach of its obligations under the Agreement. EIC's prior and present conduct demonstrate a significant likelihood that it will continue to breach the terms of the Agreement.

76. The Funds and the Union have no adequate remedy at law to ensure that EIC will adhere to the terms of the Agreement.

77. The Funds and the Union will suffer immediate and irreparable injury unless EIC, its officers, agents, servants, and employees are enjoined for the remaining term of the Agreement from failing, refusing or neglecting to pay and/or submit to the Funds and/or the Union the required contributions and checkoffs, and permit and cooperate in the conduct of audits.

78. Accordingly, Plaintiffs request that this Court issue an injunction permanently enjoining EIC, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds and/or the Union the required contributions and checkoffs, and permit and cooperate in the conduct of audits for so long as they remain obligated to do so pursuant to the Agreement.

### AS AND FOR A NINTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA)

79. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 78 of this Complaint, as if fully set forth herein.

80. Pursuant to the Agreement, EIC is required to timely pay fringe benefit contributions and submit reports to the Funds, and permit and cooperate in the conduct of audits of EIC's books and records for so long as it remains obligated to do so pursuant to the Agreement.

81. Article X § 15 of the Agreement provides that "[w]here payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the . . . Funds to have the court enter an order permanently enjoining the employer . . . for the remaining term of the Agreement from failing, refusing or neglecting to submit the required Employer remittance reports and/or to pay the required contributions to [the] . . . Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of this Agreement."

82. EIC has failed to timely pay ERISA fund contributions to the Funds, and is currently in breach of its obligations under ERISA. EIC's prior and present conduct demonstrate a significant likelihood that it will continue to breach ERISA.

83. The Funds have no adequate remedy at law to ensure that EIC will adhere to its statutory obligations.

84. The Funds will suffer immediate and irreparable injury unless EIC, its officers, agents, servants, and employees are enjoined from failing, refusing or neglecting to pay the required ERISA fund contributions and submit the required reports to the Funds, and permit and cooperate in the conduct of audits for so long as they remain obligated to do so pursuant to ERISA and the Agreement.

85. Accordingly, Plaintiffs request that this Court issue an injunction permanently enjoining EIC, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay the required fringe benefit contributions, and submit the required reports to the Funds, and permit and cooperate in the conduct of audits for so long as they remain obligated to do so pursuant to ERISA and the Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against EIC:

a) for payment of delinquent fringe benefit in the principal amount of $293,289.39 for the First Audit Period, less the amounts paid by EIC to the Funds on or about December 15, 2018 and on or about January 22, 2019;

b) for payment of delinquent dues, Organizer Fund and NYSLPAC checkoffs in the principal amount of $62,895.32 for the First Audit Period, less the amounts paid by EIC to the Funds on or about December 15, 2018 and on or about January 22, 2019;

c) for payment of delinquent fringe benefit contributions in the principal amount of $104,700.54 for the SSR Period;

d) for payment of delinquent dues, Organizer Fund, and NYSLPAC checkoffs in the

principal amount of $23,823.80 for the SSR Period;

 e) for interest on delinquent fringe benefit contributions, and dues, Organizer Fund, and NYSLPAC checkoffs from the time such contributions and deductions were due at the rate of 18% per annum;

 f) for liquidated damages on the delinquent fringe benefit contributions, and dues, Organizer Fund, and NYSLPAC checkoffs at the rate of 20%;

 g) for all ERISA damages pursuant to 29 U.S.C. § 1132(g);

 h) for all reasonable audit and accounting expenses;

 i) for all audit costs;

 j) for all witness costs;

 k) for Plaintiffs' costs and attorneys' fees;

 l) for an Order requiring EIC to post a bond or provide a cash alternative;

 m) for an Order requiring EIC to cooperate with the Funds in the Second Audit of EIC's books and records for the time period of October 1, 2018 through the present;

 n) for an Order requiring payment of delinquent fringe benefit contributions, and dues, Organizer Fund, and NYSLPAC checkoffs, and all statutory and contractual damages found due and owing pursuant to the Second Audit for the period of October 1, 2018 through the present;

 o) for an Order permanently enjoining EIC, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise, for so long as they remain obligated to contribute to the Funds and/or the Union, from failing, refusing or neglecting to pay and/or submit to the Funds the required contributions, checkoffs, and reports, and permit and cooperate in the conduct of audits for so long as they remain obligated to

do so pursuant to the Agreement;

      p)     for an Order permanently enjoining EIC, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required contributions and reports, and permit and cooperate in the conduct of audits for so long as they remain obligated to do so pursuant to ERISA; and

      q)     for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 14, 2019

                                            GORLICK, KRAVITZ & LISTHAUS, P.C.
                                            *Attorneys for Plaintiffs*

                                            By: _____
                                            Joy K. Mele (JM0207)
                                            Jonathan Sobel (JS4815)
                                            17 State Street, 4th Floor
                                            New York, New York 10004
                                            jmele@gkllaw.com
                                            jsobel@gkllaw.com
                                            Tel. (212) 269-2500
                                            Fax. (212) 269-2540